UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard Park YUEN, Defendant–
Appellant.

No. 03–30428.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2004.

Decided Oct. 5, 2004.

Mark N. Bartlett, Esq., Leonie G.H. Grant, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Nancy D. Tenney, Esq., Federal Public Defender's Office, Western District of Washington, Seattle, WA, for Defendant–Appellant.

Before: B. FLETCHER, and HAMILTON,* and BERZON, Circuit Judges.

MEMORANDUM **

Richard Yuen (Yuen) entered a conditional guilty plea to one count of posses-

---

* The Honorable Clyde H. Hamilton, Senior United States Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation.

** This disposition is not appropriate for publi-

sion of marijuana with the intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(D), and the district court sentenced him to twenty-four months' imprisonment. Yuen conditioned his guilty plea on his right to challenge, on appeal, the district court's partial denial of his motion to suppress. Yuen presses such challenge now, and in response, we reverse the district court's partial denial of his motion to suppress, vacate the judgment, and remand to permit Yuen to withdraw his guilty plea.

The facts of this case are familiar to the parties, and we recite them here only to the extent necessary to resolve the appeal. On the afternoon of March 9, 2003, Officer Brett Hatfield (Officer Hatfield) and Officer Myron Kline (Officer Kline) of the Federal Way, Washington Police Department, were separately dispatched to investigate a large box-type truck parked in the parking lot of the local Lowe's Home Improvement Store. The dispatch was prompted by a telephone call placed by a citizen, previously unknown to the officers, who identified himself and reported observing a suspicious looking box-type truck with California license plates backed into a parking space abutting flower beds. The citizen also reported observing a person exit the cab of the truck and climb into its rear cargo area.

Upon arriving at the parking lot, the officers found a large box or U–Haul–type truck matching the citizen's description parked in the southeast corner of the parking lot away from the store's entrance and other vehicles. Save for a series of black letters and numbers on the driver's side of the cab, the truck displayed no markings. The officers exited their respective patrol cars and approached the truck. Upon looking inside its cab, the officers saw

quite a bit of clothing and other personal belongings. As the officers walked along the passenger side of the truck toward the rear (a flower bed ran close along the driver's side), the officers heard movement inside the truck's rear cargo area and noises sounding like someone operating a power drill. The officers proceeded to the rear of the truck and observed the large cargo door rolled up approximately eight to ten inches. Officer Kline kneeled down and attempted to look inside, but could not see anything because of the limited opening and the lack of light inside the rear cargo area.

Without knocking and announcing their presence, Officer Kline fully rolled up the rear cargo door while Officer Hatfield stood directly behind the truck. Neither officer had his weapon drawn, although each was poised to do so. At the suppression hearing, the officers testified they chose this approach to catch the one or more occupants in the rear cargo area off-guard and unarmed. Upon the door opening, the officers saw Yuen standing alone near the front wall of the rear cargo area holding a cordless drill. In response to Officer Hatfield's questions, Yuen confirmed that he owned the truck, explained that he was fixing it, and offered to show Officer Hatfield his vehicle registration. Yuen then exited the truck and walked with Officer Hatfield to the cab in order to retrieve the registration. Officer Kline started to follow, but stopped to take another look at the contents of the rear cargo area of the truck. At this point, the record is unclear whether Officer Kline leaned into the airspace of the rear cargo area in order to view its contents. Nevertheless, he saw and smelled, through his experience and training, what he believed

cation and may not be cited to or by the courts of this circuit except as provided by

Ninth Circuit Rule 36–3.

744

to be marijuana in clear, sealed plastic bags stuffed behind a not completely sealed false wall at the front of the cargo area. Officer Kline arrested Yuen on the spot and advised him of his *Miranda* rights, *see Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Immediately thereafter, the officers took Yuen to the back of the truck and questioned him regarding the contents of the clear plastic bags. In response, Yuen identified the contents of the clear plastic bags as marijuana and gave the officers permission to enter the rear cargo area. Once inside, the officers discovered that the two black garbage bags sitting on the floor in the rear cargo area also contained clear plastic bags full of marijuana.

 Yuen contends, *inter alia*, that Officer Kline's opening the rear cargo door without his permission violated the Fourth Amendment to the United States Constitution, and, therefore, all evidence the government obtained through exploitation of that illegality must be suppressed as "'fruit of the poisonous tree.'" *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We assume, without deciding, that the officers' conduct up until the time that Officer Kline opened the rear cargo door without permission did not violate the Fourth Amendment. However, Officer Kline's opening of the rear cargo door constituted a search for purposes of Fourth Amendment jurisprudence. *See United States v. Winsor*, 846 F.2d 1569, 1572–73 (9th Cir. 1988) (*en banc*) (police conducted "search" of hotel room for Fourth Amendment purposes when they gained visual entry into room through door that was opened at their command and while they stood in hotel corridor). Accordingly, in order for the search to be justified under the Fourth Amendment, at least one of the following two circumstances must have existed: (1)

probable cause to believe the rear cargo area contained contraband or evidence of a crime, *United States v. Bagley*, 772 F.2d 482, 491 (9th Cir.1985) ("[P]robable cause *alone* suffices to justify a warrantless search of a vehicle lawfully parked in a public place, as long as the scope of the search is reasonable."), or (2) the officers had an objectively reasonable fear of an immediate threat for their safety, *see Michigan v. Long*, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983) (during investigatory stop of automobile pursuant to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), police officer may search for weapons in passenger compartment, "limited to those areas in which a weapon may be placed or hidden, ... if the police officer possesses a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons") (internal quotation marks omitted). Neither of these circumstances existed in the present case. There was absolutely nothing specific about the tip the officers received, nor about the circumstances in which they came upon the truck, that provided any grounds for a reasonable fear that they were in danger. Also, the officers identified the sound they heard coming from the cargo area as "drilling." Coming, as it did, from an individual in the parking lot of a home improvement store, such activity would not render a "reasonably prudent man in such circumstances [to] be warranted in the belief that his safety or that of others was in danger." *Id.* at 1050, 103 S.Ct. 3469. Accordingly, we reverse the district court's partial denial of Yuen's motion to suppress, vacate the judgment, and remand to permit Yuen to withdraw his guilty plea. *See United States v. Bautista,*

362 F.3d 584, 593 (9th Cir.2004) (similar disposition).

**REVERSED, VACATED, AND RE-MANDED.**